Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ISAAC OROZCO GARCÍA Y OTROS<br><br>Peticionaria<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAROLINA Y OTROS<br><br>Recurridos | KLCE202400889 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2019CV01248<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Santiago Calderón, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 4 de octubre de 2024.

Comparece ante *nos*, Isaac Orozco García (Orozco García o peticionario) y nos solicita que revisemos la *Minuta-Resolución* emitida el 30 de abril de 2024 y notificada el 31 de mayo de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Carolina. Dicha *Minuta-Resolución* fue *Enmendada Nunc Pro Tunc* el 5 de junio de 2024. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar*, en corte abierta, una solicitud para enmendar las alegaciones de la *Demanda*.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari.*

**I.**

El 12 de abril de 2019, la parte peticionaria presentó una *Demanda* en contra del Municipio Autónomo de Carolina (Municipio de Carolina o recurrido) y otros, sobre daños y perjuicios. En apretada síntesis, el peticionario alegó que el 20 de abril de 2018, sufrió un accidente mientras caminaba por una acera frente a la

Escuela Elemental Luis Muñoz Rivera, situada en la Avenida Muñoz Rivera en el Municipio de Carolina.

Según se desprende del expediente ante *nos*, Orozco García tropezó con un levantamiento de cemento al acercarse a la Parada del *Trolley* que ubica frente a la Escuela Luis Muñoz Rivera. Orozco García tenía 81 años al momento del accidente, se golpeó su hombro, brazo y lado derecho de su cuerpo. Además, sufrió una fractura en el humero y trauma en el lado izquierdo de su cuerpo.

Así pues, el peticionario adujo que el accidente ocurrió por la negligencia incurrida por el Municipio de Carolina y Capital Projects, Corp. (Capital), al mantener el área en condiciones de peligrosidad, no proveer el mantenimiento requerido y exponer a los transeúntes a este tipo de accidente, sin apercibir sobre la peligrosidad del área. Consecuentemente, el peticionario reclamó el pago de $200,000.00, por los daños físicos sufridos; $75,000.00 por las angustias, sufrimientos mentales y daños morales; y $25,000.00 por las angustias, sufrimientos mentales y daños morales de Alejandrina Febres Morales, esposa de Orozco García.

Posteriormente, el 26 de junio de 2019, el Municipio de Carolina presentó una *Contestación a Demanda.* A grandes rasgos, negó la mayoría de los reclamos esbozados. El 19 de febrero de 2021, la parte peticionaria presentó una *Urgente Moción Solicitando Autorización para enmendar Demanda [...].* En la misma, solicitó permiso para enmendar la *Demanda* a los fines de incluir como codemandado a Capital. El 29 de julio de 2021, Capital presentó su *Contestación a Demanda Enmendada,* en la que afirmó que la causa incoada estaba prescrita.

Entretanto, el 12 de agosto de 2021, el Municipio de Carolina y Mapfre Praico Insurance Company (Mapfre) presentaron una *Demanda Contra Coparte.* Arguyeron que, en virtud del contrato

suscrito entre el Municipio de Carolina y Capital, era esta última la que debía responder por el reclamo y relevar de responsabilidad al Municipio de Carolina y a su aseguradora. Así las cosas, el 3 de septiembre de 2021, Capital presentó una *Contestación a Demanda Contra Coparte.*

Así, el 12 de febrero de 2022, el Municipio de Carolina y Mapfre presentaron una *Moción de Sentencia Sumaria,* en la cual solicitaron que Capital proveyera una defensa ante el reclamo presentado y los liberara de responsabilidad por el accidente ocurrido, al tenor de cierta cláusula incluida en el contrato suscrito entre el Municipio de Carolina y Capital. En desacuerdo, el 7 de marzo de 2022, Capital presentó una *Oposición a Solicitud de Sentencia Sumaria [...].*

Oportunamente, el 14 de marzo de 2022, el foro primario emitió una *Sentencia Sumaria Parcial* mediante la cual declaró *Ha Lugar* parcialmente la solicitud de sentencia sumaria que presentó el Municipio de Carolina. El 21 de marzo de 2022, la parte peticionaria presentó una *Oposición a Solicitud de Desestimación Parcial por Prescripción.*

Ulteriormente, el 25 de abril de 2022, el TPI emitió una segunda *Sentencia Sumaria Parcial* mediante la cual desestimó con perjuicio la *Demanda Enmendada* presentada en contra de Capital, por estar prescrita. Asimismo, declaró *Ha Lugar* la solicitud de sentencia sumaria instada por el Municipio de Carolina el 12 de febrero de 2022, y, en consecuencia, liberó al ayuntamiento municipal de indemnizar a la parte peticionaria por los daños reclamados en la demanda.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 15 de marzo de 2024, las partes presentaron el *Informe de Conferencia con Antelación a Juicio.* Subsiguientemente,

el 30 de abril de 2024, se llevó a cabo la Conferencia con Antelación a Juicio. En dicha vista, la parte peticionaria solicitó una enmienda a las alegaciones de la *Demanda Enmendada* con el propósito de especificar que la negligencia del Municipio de Carolina surge del contrato entre este y Capital que establecía los deberes jurídicos, así como las medidas de seguridad que tenían que tomarse. A esos efectos, el TPI declaró *No Ha Lugar* la enmienda solicitada y dispuso, entre otras cosas, que:

> [e]l tribunal aclaró que en el presente pleito se desestimó la demanda en cuanto a Capit[a]l por prescripción, por lo que en el juicio no se va a adjudicar la negligencia de Capit[a]l. La responsabilidad de la negligencia que va [a] adjudicar en este pleito es exclusivamente en cuanto al Municipio. Añadió que en este caso no se está adjudicando nivelación entre los co-causantes de un daño solidario en su relación interna.
>
> [...]
>
> El tribunal indicó que la enmienda solicitada es contraria a las alegaciones de la demanda y la declara no ha lugar por presentarse tardíamente en esta etapa de los procedimientos.

El 30 de abril de 2024, el foro primario emitió una *Minuta – Resolución*. Dicha *Minuta – Resolución* fue notificada a las partes el 31 de mayo de 2024. Luego, el 4 de junio de 2024, la parte recurrida presentó una *Moción en Solicitud de Enmienda Nunc Pro Tunc*. En consecuencia, el 5 de junio de 2024, el TPI emitió una *Minuta - Resolución Enmendada Nunc Pro Tunc*. Inconforme, el 14 de junio de 2024, la parte peticionaria presentó una *Solicitud de Reconsideración, Solicitud que se deje sin efecto Conferencia con Antelación al Juicio por Falta de Parte Indispensable y Descalificación de Representación Legal*. El 15 de julio de 2024, Capital presentó una *Oposición a Moción de Reconsideración*. Ese mismo día, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte peticionaria.

Inconforme aun, el 13 de agosto de 2024, la parte peticionaria

acudió ante *nos* mediante un recurso de *Certiorari* y alegó la comisión de los siguientes errores:

- **Erró el TPI al no permitir la enmienda: "El Municipio de Carolina incumplió con su obligación de requerir a Capit[a]l que adoptara las medidas de seguridad y delimitara el área para impedir que los peatones penetraran en el área de lo que se estaba construyendo y requerido en el Contrato. De igual forma se incumplió con el requisito establecido en el contrato de poner medidas protectoras para dar paso libre y seguro a través de las aceras y el Municipio incumplió con su deber de supervisar y requerir dichas medidas".**

- **Erró el TPI al permitir a la parte demandada y demandada de coparte a enmendar su contestación a la Demanda en el informe de conferencia al juicio.**

- **Erró el TPI al no anular el informe de conferencia por con contar con la participación de todas las partes actualmente en el pleito (Capital y Mapfre) en relación a las controversias existentes.**

- **Erró el TPI al no determinar que Capital y Mapfre son partes en el pleito y que por lo tanto son partes indispensables.**

- **Erró el TPI al no descalificar a la Lcda. Ileana Rivera.**

Examinado el recurso de *Certiorari*, este Tribunal emitió una *Resolución* el 21 de agosto de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 12 de septiembre de 2024, la parte recurrida presentó un *Alegato en Oposición a Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez, et al. v. Arcos Dorados Puerto Rico, Inc., et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821

(2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón, et al.*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto,

de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón, et al., supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* ante nuestra consideración, a la luz de la *Minuta - Resolución Enmendada Nunc Pro Tunc* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

En el caso de autos, la parte peticionaria señaló que erró el TPI al no permitir la siguiente enmienda: "[e]l Municipio de Carolina incumplió con su obligación de requerir a Capit[a]l que adoptara las medidas de seguridad y delimitara el área para impedir que los peatones penetraran en el área de lo que se estaba construyendo y requerido en el Contrato. De igual forma se incumplió con el requisito establecido en el contrato de poner medidas protectoras para dar paso libre y seguro a través de las aceras y el Municipio incumplió con su deber de supervisar y requerir dichas medidas".

Asimismo, esgrimió que erró el TPI al permitir a la parte recurrida enmendar su *Contestación a la Demanda* en el *Informe de*

*Conferencia con Antelación a Juicio* y al no anular el *Informe de Conferencia con Antelación a Juicio* por no contar con la participación de todas las partes actualmente en el pleito (Capital y Mapfre) con relación a las controversias existentes. Indicó, además, que erró el TPI al no determinar que Capital y Mapfre son partes en el pleito y que, por lo tanto, son partes indispensables. Por último, esbozó que el erró el TPI al no descalificar a la Lcda. Ileana Rivera.

De igual forma y en oposición, el Municipio de Carolina alegó que el foro primario celebró un Vista de estado de los procedimientos el pasado 10 de julio de 2023 y una Vista de Conferencia con Antelación a Juicio el 30 de abril de 2024. **En ambas vistas el peticionario compareció sin haber señalado los argumentos que trae de manera tardía en la *Solicitud de Reconsideración*.**

Luego de un análisis puntilloso del expediente ante nuestra consideración, concluimos que no encontramos indicio de que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012). Es decir, la *Minuta - Resolución Enmendada Nunc Pro Tunc* recurrida no contiene indicio alguno de craso abuso de discreción, prejuicio, parcialidad o error al aplicar las normas procesales o sustantivas pertinentes, que justifiquen nuestra intervención en sustitución del criterio utilizado por el TPI en el ejercicio de su discreción.

No debemos pasar desapercibido que, el foro primario actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. E.L.A.*, 142

DPR 117 (1996). Así pues, nos corresponde prestar al TPI debida deferencia, de manera que se continúen los procedimientos del caso, sin mayor dilación.

Por lo cual, a la luz del marco jurídico enunciado y a tenor con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, así como lo establecido en la Regla 52.1 de Procedimiento Civil, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones